EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
GEORGE E. PENCE (Cal. Bar No. 257595)
Assistant United States Attorney
General Crimes Section
1100 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-2253
Facsimile: (213) 894-6269
E-mail: george.pence@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LILLIAN VALENZUELA-EGNATOFF,<br>ROMAN DARIO SAENZ,<br>aka "Roman Dario Rojas," and<br>JASON CHARLES PETTIT,<br><br>Defendants. | No. 16-00601-RGK<br><br><u>STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT</u><br><br>**CURRENT TRIAL DATE:** 12/6/16<br>**[PROPOSED] TRIAL DATE:** 4/11/17 |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney George E. Pence, and defendant Roman Dario Saenz ("defendant Saenz"), both individually and by and through his counsel of record, Curtis V. Leftwich, hereby stipulate as follows:

1. The Indictment in this case was filed on August 25, 2016. Defendant Saenz first appeared before a judicial officer of the court in which the charges in this case were pending on October 14, 2016.

The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before December 23, 2016. Defendant Jason Charles Pettit is a fugitive. Defendant Lillian Valenzuela-Egnatoff ("Valenzuela") is in custody at the Florence McClure Women's Correctional Center in Las Vegas, Nevada. On October 11, 2016, a Magistrate Judge of this Court (Hon. Charles F. Eick) issued an Order on an Application for Writ of Habeas Corpus Ad Prosequendum requiring defendant Valenzuela to appear before a Magistrate Judge of this Court on November 21, 2016.

2. On October 14, 2016, the Court set a trial date of December 6, 2016.

3. Defendant Saenz is detained pending trial. The parties estimate that the trial in this matter will last approximately three days. All defendants are joined for trial and a severance has not been granted.

4. By this stipulation, defendant Saenz moves to continue the trial date to April 11, 2017. This is the first request for a continuance.

5. Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

a. Defendant is charged with conspiracy to commit bank fraud in violation of Title 18, United States Code, section 1349, and bank fraud in violation of Title 18, United States Code, section 1344. The government has produced discovery to the defense, including nearly 1900 pages of documents and audio/video files.

b. Defense counsel for defendant Saenz is presently scheduled to be in a civil custody trial in In re Shelley, Case No.

58717, which is set to start on November 21, 2016 and estimated to last through the end of December 2016; in a civil custody trial in Boyle v. Hevia, Case No. BT061092, which is set to start on January 11, 2017 and estimated to last three weeks; in a civil custody trial in In re Schmedier, Case No. BT 53669, which is set to start on February 6, 2017 and estimated to last two weeks. In addition to these scheduled trials, counsel for defendant is scheduled to appear for a sentencing in United States v. Schlegel, CR 15-116-AG, which presents complicated sentencing issues, and for a sentencing in United States v. Sanchez, CR 15-34-CAS, which is scheduled for January 30, 2017. Accordingly, counsel represents that he will not have the time that he believes is necessary to prepare to try this case on the current trial date.

c. In light of the foregoing, counsel for defendant also represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represents that failure to grant the continuance would deny him reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d. Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

e. The government does not object to the continuance.

f. The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

6. For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of December 6, 2016 to April 11, 2017, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

7. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

//

IT IS SO STIPULATED.

Dated: November 10, 2016

Respectfully submitted,

EILEEN M. DECKER
United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

/s/
GEORGE E. PENCE
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

I am defendant Saenz's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than April 11, 2017 is an informed and voluntary one.

CURTIS V. LEFTWICH
Attorney for Defendant
ROMAN DARIO SAENZ

11/14/16
Date

//
//

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than April 11, 2017.

ROMAN DARIO SAENZ
Defendant

11/14/06
Date