EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
GEORGE E. PENCE (Cal. Bar No. 257595)
Assistant United States Attorney
General Crimes Section
1100 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-2253
Facsimile: (213) 894-6269
E-mail: george.pence@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LILLIAN VALENZUELA-EGNATOFF,<br>ROMAN DARIO SAENZ,<br>aka "Roman Dario Rojas," and<br>JASON CHARLES PETTIT,<br><br>Defendants. | No. 16-00601-RGK<br><br>STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT<br><br>**CURRENT TRIAL DATE:** 1/10/17<br>**[PROPOSED] TRIAL DATE:** 4/11/17 |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney George E. Pence, and defendant Lillian Valenzuela-Egnatoff ("defendant"), both individually and by and through her counsel of record, Summer Lacey, hereby stipulate as follows:

1. The Indictment in this case was filed on August 25, 2016. On October 14, 2016, co-defendant Roman Dario Saenz ("Saenz") first appeared before a judicial officer of the court in which the charges

in this case were pending. The Court set the trial of co-defendant Saenz for December 6, 2016. On November 18, 2016, this Court continued co-defendant Saenz's trial to April 11, 2017.

2. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on November 18, 2016. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial of defendant commence on or before January 27, 2016. Co-defendant Jason Charles Pettit is a fugitive.

3. Co-defendant Saenz is detained pending trial. Defendant was released on bond in this case, but is now in state custody in connection with another case. The parties estimate that the trial in this matter will last approximately three days. All defendants are joined for trial and a severance has not been granted.

4. By this stipulation, defendant moves to continue the trial date to April 11, 2017. This is the first request for a continuance.

5. Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

a. Defendant is charged with conspiracy to commit bank fraud in violation of Title 18, United States Code, section 1349, and bank fraud in violation of Title 18, United States Code, section 1344. The government has produced discovery to the defense, including nearly 1900 pages of documents and audio/video files.

b. Defense counsel for defendant is presently scheduled to appear as counsel of record in the following matters: United States v. Anthony Ped, CR 16-775-JAK, a felon in possession case scheduled for trial on January 10, 2017, and estimated to last 2-3 days; United States v. Grissett, CR 16-557-MWF-1, a felon in

possession case scheduled for trial on January 17, 2017, and estimated to last 2-3 days; United States v. Hernandez, CR 16-591-CAS, a possession of stolen mail case scheduled for trial on January 31, 2017, and estimated to last 2-3 days; United States v. Storey, Violation Nos: CC12, 4446185, 4446186, 4446187, 4446188, which is scheduled for trial on February 9, 2017, and estimated to last one day; and United States v. Kim, CR 16-411-DMG, a medicare fraud case scheduled for trial on February 14, 2017, and estimated to last one week. Accordingly, counsel represents that she will not have the time that she believes is necessary to prepare to try this case on the current trial date.

c. In light of the foregoing, counsel for defendant also represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represents that failure to grant the continuance would deny her reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d. Defendant believes that failure to grant the continuance will deny her continuity of counsel and adequate representation.

e. All defendants are joined for trial and a severance has not been granted. Trial of co-defendant Saenz is scheduled for April 11, 2017.

f. The government does not object to the continuance.

g. The requested continuance is not based on congestion of the Court’s calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

6. For purposes of computing the date under the Speedy Trial Act by which defendant’s trial must commence, the parties agree that the time period of January 10, 2017 to April 11, 2017, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant’s request, without government objection, on the basis of the Court’s finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

7. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

//

IT IS SO STIPULATED.

Dated: December 14, 2016

Respectfully submitted,

EILEEN M. DECKER
United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

/s/ George E. Pence

GEORGE E. PENCE
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

I am defendant Valenzuela-Egnatoff's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of her Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than April 11, 2017 is an informed and voluntary one.

SUMMER LACEY
Attorney for Defendant
Valenzuela-Egnatoff

12/14/16
Date

//
//

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than April 11, 2017.

L Valenzuela Egnatoff ______________________ Dec. 14, 2016 ______________

LILLIAN VALENZUELA-EGNATOFF
Defendant

Date